**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| DONALD MARTIN, JR., | : | |
| | : | |
| Petitioner | : | |
| | : | |
| VS. | : | |
| | : | |
| SEMINOLE COUNTY, GEORGIA, | : | |
| | : | NO. 5:11-CV-13 (CAR) |
| Respondent | : | |
| | : | |

# ORDER

Petitioner, **DONALD MARTIN, JR.**, an inmate in the Bleckley Probation Detention Center in Cochran, Georgia, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (R. at 1). Petitioner also filed a motion to proceed *in forma pauperis* and the Court granted this motion on February 18, 2011. (R. at 4, 6).

Petitioner claims that on June 12, 2009, he was indicted for possession of cocaine and on September 9, 2009 he pled guilty and was sentenced to serve 20-24 months in a probation detention center. Petitioner claims he has not received credit for the time he spent in the Seminole County Jail from June 12, 2009 until October 27, 2009.

Petitioner has filed several actions in the state courts. Apparently Petitioner filed a motion to modify sentence and a motion to receive credit for time served in the "Appeal Court" and was informed that "they didn't compute jail time credit." Petitioner also filed a "motion to modify sentence" in the Supreme Court of Georgia and was told that the court "didn't find an appeal pending in there (sic) court." Petitioner included a copy of a Writ of Mandamus that he filed in the Fulton County Superior Court on October 1, 2010. Respondents Brian Owens, Commissioner of the Georgia Department of Corrections, and Stan Cooper, Probation Director, filed a response on November 24, 2010. It is unclear if this action is still pending or if the Fulton County Superior

Court has ruled in this case. However, if the Fulton County Superior Court has issued a final order in the case, it does not appear that Petitioner has appealed that order and received a ruling from the appropriate state appellate court. Additionally, Petitioner states he has not filed a state habeas corpus action.

It is well-settled that exhaustion of state court remedies is required before a habeas corpus petitioner can proceed in federal court. *See **Braden v. 30th Judicial Circuit Court***, 410 U.S. 484, 489-92, (1973) (exhaustion is necessary under § 2241 as well as § 2254); ***Thomas v. Crosby***, 371 F.3d 782, 812 (11th Cir. 2004) (explaining that "[a]mong the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies"). A petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure," the claims he has presented in his federal habeas petition. 28 U.S.C. § 2254(c).

The Eleventh Circuit Court of Appeals recently held as follows regarding what a petitioner must do to exhaust a claim:

> Exhaustion requires that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." That is, to properly exhaust a claim, the petitioner must "fairly present[]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review.

***Mason v. Allen***, 605 F.3d 1114, 1119 (11th Cir. 2010)(citations omitted).

It is clear that Petitioner has not **properly**[1] presented his claim to the "state's highest court, either on direct appeal or on collateral review." ***Id***. He has filed a mandamus action in the Fulton County Superior Court. However, it does not appear that Petitioner has received a ruling from that court and appealed that ruling. Additionally, it does not appear that Petitioner has filed a state habeas corpus action. Until he files one of these actions (an appeal of the mandamus or a state

---

[1] Petitioner has not exhausted his claims by improperly filing various motions in the state appellate courts.

habeas corpus action) and gives the state's highest court the opportunity to rule on this issue, he has not properly exhausted.

For example, in ***Beasley v. State***, 255 Ga. App. 522 (2002), the defendant filed a motion to modify sentence in the trial court in which he complained "about the failure to credit him with the 11 months between [his] 1998 arrest and [the] 1999 plea." *Id*. at 522. The Georgia Court of Appeals held that "even with the most generous construction, a direct appeal to this Court will not lie from the instant 'motion to modify sentence'." ***Id***. However, the Court explained that the defendant still had a right under state law to raise the issue. The court stated that the defendant's "claim is cognizable only in a mandamus or inunction action against the Commissioner of the Department of Corrections or in a petition for habeas corpus, depending on what point in time in the service of [his] sentence any additional action may be filed." ***Id***. at 523.

In a second Georgia case, ***Williams v. State***, 300 Ga. App. 319 (2009), the defendant filed a "Motion to Correct Order of Amended Sentence," in which he alleged that "the trial court incorrectly started his 'pre-trial jail time' from the date he arrived at Coastal State Prison, when in fact he [was] entitled to 'all pre-trial time starting from [the date] of arrest [December 6, 2006]'." ***Id***. The trial court denied the motion and on appeal, the Georgia Court of Appeals explained that the defendant would have to seek relief from the Georgia Department of Corrections by way of an injunction or mandamus. ***Id***.; ***See also Smashey v. State***, 282 Ga. App. 293 (2006) (The Court held that the amount of credit a convict should receive for time served is computed by the pre-sentence custodian, and the duty to award such credit for time served prior to trial is upon the Department of Corrections. Therefore, the aggrieved prisoner would have to file a mandamus or injunction against the Commissioner of the Department of Corrections.); ***Edwards v. State***, 283 Ga. App. 305 (2007)(The Court held that the trial court may not enter an order regarding how much credit a

prisoner should be given for pretrial jail time served and, instead, prisoners should seek relief from the Georgia Department of Corrections. If dissatisfied with the results there, they may then file an injunction or mandamus action); ***Maldonado v. State***, 260 Ga. App. 580, (2003).

These cases show that petitioner has the right to raise this issue with the Georgia Department of Corrections and file an injunction or mandamus against the Commissioner of that state agency. Apparently, Petitioner has filed such an action. However, it does not appear that Petitioner has received a ruling in that action and appealed such ruling. Alternatively, Petitioner could raise the issue in a state habeas corpus action. Because he has "the right under the law of the State to raise" this issue, he has not exhausted the claim. 28 U.S.C. § 2254(c).

Once petitioner has exhausted his state remedies, he will then be permitted to return to federal court. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the instant petition is hereby **DISMISSED WITHOUT PREJUDICE.**[2]

**SO ORDERED**, this 2nd day of March, 2011.


S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT


lnb

---

[2] Pursuant to Rule 1 of the Rules Governing Federal Habeas Cases, the Habeas Corpus Rules can be applied to both § 2254 and § 2241 petitions. Rule 4 of the Rules Governing Federal Habeas Cases provides that the Court is required to conduct a preliminary review of the petition for writ of habeas corpus and if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," the judge must dismiss the petition.